BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA WAGNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| - v. - | } | Civil Action No: ___5:16-cv-1009___ |
| | § | |
| TOM TORKELSON, Individually and | § | |
| in his official capacity as the Founder | § | Charges of Discrimination against the |
| and Chief- Executive-Officer of the IDEA | § | IDEA School System located in the |
| Public Schools with its Headquarters | § | State of Texas in violation of Federal |
| located at 505 Angelita, Suite 9, Weslaco, | § | Law at *Titles VI, VII, IX*; the *ADEA*; |
| Texas 78599; JOANN GAMA, | § | and *Title 42 USC §§ 1981* and *1982* |
| Individually and in her official capacity | § | |
| as the President and Superintendent of | § | |
| the IDEA Public Schools and JILL | § | |
| KOEHLER, Individually and in her | § | |
| official capacity as Senior Vice President | § | |
| of Schools, IDEA Public Schools, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S INITIAL VERIFIED COMPLAINT

### I. *Introduction*

1.      *Comes now*, the Plaintiff Diana Wagner, through her undersigned counsel, to file her

cause of action alleging that the Defendants discriminated against her for being a Hispanic

Mexican American female, over forty years old who the Defendants summarily terminated from

her job on October 21, 2015. Effectively, the Plaintiff has ninety (90) days from the date

Plaintiff received the EEO's *Dismissal and Notice of Rights*. (*See* Exhibit 1, attached copy of the

EEOC's *Dismissal and Notice of Rights* dated Wednesday, July 6, 2016, posted Thursday, July

7, 2016 and received on Monday, July 11, 2016). Moreover, the Plaintiff has up to and

including Sunday, October 9, 2016, to file her instant Complaint; however, since the Court is

closed for business on Sunday, October 9, 2016 and Monday, October 10, 2016 is a federal holiday (Columbus Day) the Plaintiff's Complaint is not due before the Court until Tuesday, October 11, 2016. Accordingly, the Plaintiff alleges the following:

## II. *Jurisdiction and Venue*

2.     Paragraph 1 is hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

3.     This Court is vested with subject matter and *in personam* jurisdiction pursuant to *Title 42 USC § 2000e-5(f)*.

4.     Venue is proper before this Court due to the fact that the Plaintiff was hired by the Defendants in San Antonio, Texas, and the Plaintiff has resided in San Antonio for over six months.  Moreover, the Defendants conduct business in San Antonio through the IDEA schools in San Antonio.

## III. *Parties*

5.     Paragraphs 1 through 4 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

6.     The **Plaintiff Diana Wagner** is Mexican-American female,and she can be served with process, motions and pleadings through her undersigned counsel Lorenzo W. Tijerina located at 1911 Guadalupe, San Antonio, Texas 78207, telephone number (210) 231-0112.

7.     **Defendant Tom Torkelson** is the Chief-Executive-Officer ("CEO") of the IDEA Public Schools ("IDEA") with its headquarters located at 505 Angelita Drive, Suite 9, Weslaco, Texas 78599.  **Defendant JoAnn Gama** is the President and Superintendent of IDEA Public Schools. **Defendant Jill Koehler** is the Senior Vice President of Schools for IDEA Public Schools.  The

2

Defendants can be served through their attorney Mr. Dennis J. Eichelbaum located at 5300 Democracy Drive, Suite 200, Plano, Texas 75024.

## IV. *Procedural History*

8.      Paragraphs 1 through 7 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

9.      On or about June 16, 2016, the Plaintiff timely filed her formal complaint of discrimination before the Equal Employment Opportunity Commission (EEOC) alleging that she was discriminated against because she is a Hispanic, Mexican American female over forty years old who was discriminated against by the Defendants when they summarily removed her from her position as the Principal of the IDEA College Preparatory School in Weslaco, Texas.

10.     On or about July 11, 2016, the Plaintiff received the EEOC's *Dismissal and Notice of Rights* giving the Plaintiff the rights to suit within 90 days of receipt of the notice.

## V. *Operative Facts*

11.     Paragraphs 1 through 10 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

12.     On March 31, 2014, the Plaintiff was offered a letter of intent to hire by IDEA to hire her as the Principal of the IDEA College Preparatory School in Weslaco, Texas and began her tenure in July 2014.

13.     In July 2014, the Plaintiff was assigned to work under the supervision of Defendant Jill Koehler the Senior Vice President of Schools, IDEA Public Schools. Defendant Koehler supervised the Plaintiff who was assigned to Weslaco, Texas. Defendant Koehler supervised the following principals: Mr. Joel Garcia in San Benito, Mr. Marco Lopez in Frontier, Mr. Israel Ybarra in Alamo, Mr. JoHan Alvarez in McAllen, Mr. Nate Lowrey in Weslaco Pike, Mr. Alex

3

Alenzula in Brownsville and Ms. Christina Cavazos-Escamilla in Donna. The Plaintiff was the oldest of all the Principals in Defendant Koehler's chain of command and one of three females.

14.     Upon IDEA's hiring the Plaintiff, she requested to meet with the other Principals under Defendant's Koehler's supervision, Koehler refused the Plaintiff's request. However, Defendant Koehler allowed the Plaintiff to shadow the other Principals under Defendant Koehler's supervision; but, did not allow the Plaintiff to intermingle with the other Principals in Defendant Koehler's chain of command.

15.     During the Plaintiff's tenure at the IDEA College Preparatory School in Weslaco, all of her students' scores during State testing requirements were above average and the Plaintiff's IDEA College Preparatory School in Weslaco received State wide recognition. The Plaintiff as well as the teachers working under the Plaintiff's supervision were excellent educators, as her students' State wide testing scores confirm. The Plaintiff was doing her job well. During the Plaintiff's tenure at the IDEA College Preparatory School in Weslaco, she was not disciplined for any infraction nor was she ever formally given a reason for her summary dismissal.

16.     In June 2015, the Plaintiff met with Defendant JoAnn Gama, President and Superintendent of the IDEA Public Schools, and requested that the Plaintiff be transferred to another supervisor. The reason the Plaintiff requested a transfer was because Defendant Koehler had made degrading comments to the Plaintiff including "…if you were smart enough, you wouldn't ask those questions…." Defendant Koehler also made it a point to harass the Plaintiff at a Principal's meeting by asking the Plaintiff in the presence of all the other Principals; why did the Plaintiff keep getting up and going to the bathroom during the meeting. Defendant Koehler told the Plaintiff that she must be using cellular phone. The Plaintiff responded that; "I have a medical condition that requires me to use the bathroom very frequently." Defendant Gama

4

refused to transfer the Plaintiff. Instead Defendant Gama required the Plaintiff to meet with Defendant Koehler at a local restaurant to express the Plaintiff's concerns. After the Plaintiff met with Defendant Koehler, the Defendants' discrimination against the Plaintiff escalated. For example, Defendant Koehler required her Principals to submit a specific report prior to the first day of school in July 2015. The Plaintiff submitted her rough draft two weeks before it was due for Defendant Koehler's approval. Defendant Koehler ignored the Plaintiff's report, notwithstanding, the Plaintiff's e-mail requests and phone calls to Defendant Koehler who would not review the Plaintiff's report. The day before the report was due the Plaintiff went to Defendant Koehler and asked her again to review Plaintiff's report. Koehler dismissed the Plaintiff by saying she (Koehler) "…didn't have time and to have Martin look at it." The Plaintiff had to complete it after hours to comply with the time limit set by Defendant Koehler. Koehler intentionally attempted to undermine the Plaintiff due to the fact that she was the oldest Hispanic female Principal supervised by Defendant Koehler.

17.     In August 2015, at one of the Plaintiff's initial meetings with Defendant Koehler, she ordered the Plaintiff to enforce IDEA's student uniform policy. Defendant Koehler instructed the Plaintiff that all IDEA's students must follow the student uniform policy during school year 2015. Defendant Koehler ordered the Plaintiff to enforce IDEA's student handbook, including making IDEA's students wear "dickie pants". The Plaintiff complied with Defendant Koehler's instructions. The Plaintiff posted numerous letters and phone calls to inform parents ahead of time. However, once the school year started, parents were very upset. When the Plaintiff informed Defendant Koehler of the upset parents, Defendant Koehler ordered the Plaintiff to choose her battles and questioned the Plaintiff as to why she was focusing on IDEA's uniform policy. The Plaintiff told Defendant Koehler that she (Plaintiff) was following Koehler's orders.

5

Upon Defendant Koehler's indifferent attitude against the Plaintiff, she went to IDEA's Human Resources ("HR") and formally requested a transfer to another supervisor. The Plaintiff was again denied a transfer to a new supervisor.

18.     In September 2015, the Plaintiff was threatened by the parents of some of her students who refused to wear the mandatory uniform of the IDEA school system. The Plaintiff reported the parents who threaten to assault her and damage the Plaintiff's personal property to Defendant Koehler. However, no one in the Plaintiff's chain of command was able to resolve the students' "out of uniform" issues nor the personal threats the Plaintiff received from some of the students' parents.

19.     On October 21, 2015, the Plaintiff was summarily removed from her employment as the Principal of IDEA College Preparatory School in Weslaco, Texas. The Plaintiff contends she was removed from her employment as a Principal within the IDEA school system due to her being a Hispanic female over forty (40) years old who whistle blew on both unruly parents and students. The Plaintiff alleges that she was removed from her job due to the Defendant's discrimination conduct against the Plaintiff's age, gender and national origin – Hispanic in violation of *Title VII of the Civil Rights Act of 1964*, as amended; the *Age Discrimination in Employment Act of 1967*, as amended; *Title IX* funding, as amended; *Title IX, Part E, Uniform Provisions, Subpart 1 – Private Schools*; the *Whistleblower Protection Act of 1989*, as amended; and the *Texas Government Code at Title 5, Chapter 554, Protection for Reporting Violations of Law*, as amended.

20.     IDEA is non-profit tax exempted entity serving local communities by offering a class room environment for students matriculating from elementary to high school. IDEA services a public interest and is operated under the guidelines of the Texas Education Agency, the State

6

Board of Education and the United States Department of Education.  IDEA receives both State

and Federal funds and is bound by the antidiscrimination laws of the United States at *Title VII of*

*the Civil Rights Act of 1964*, as amended; the *Age Discrimination in Employment Act of 1967*, as

amended; *Title IX* funding, as amended; *Title IX, Part E, Uniform Provisions, Subpart 1 –*

*Private Schools*; the *Whistleblower Protection Act of 1989*, as amended; and the *Texas*

*Government Code at Title 5, Chapter 554, Protection for Reporting Violations of Law*, as

amended.

## VI. *Counts of Discrimination*

21.     Paragraphs 1 through 20 are hereby incorporated directly, indirectly and/or by

implication where necessary in the reading and interpretations of the following allegation(s):

### Count One—Age Discrimination
### In Violation of the ADEA of 1967, as Amended

22.     The Plaintiff alleges that she was removed from her position as a Principal with the IDEA

school system due to Plaintiff's *age* being over 40 years in violation of the ADEA.  The Plaintiff

is over forty years old and falls within the ambit of individuals protected by the ADEA.  The

Plaintiff was qualified for the positon as the Principal of the IDEA College Preparatory School in

Weslaco, Texas.  The Plaintiff had over 15 years' experience as a Principal within the San

Antonio, Texas, school systems.  The Plaintiff was replaced with a younger individual.  The

Plaintiff suffered an adverse employment decision when she was summarily removed.

### Count Two—National Origin Discrimination
### In violation of *Title VII*, as Amended

23.     The Plaintiff alleges that she was removed from her employment with IDEA due to her

*National Origin/Ethnicity* (Mexican American) in violation of the *Title VII*, codified at *Title 42*

*USC § 2000e et seq*:  (1) The Plaintiff is a member of the group of individuals which *Title VII*

7

was enacted to protect—Hispanics/Mexican Americans. (2) The Defendants summarily removed the Plaintiff as the Principal of an IDEA school causing the Plaintiff financial damages and ridicule by the Defendants, students and parents. (3) The Plaintiff made the Defendants aware of their discriminatory practices; however, they refused to promptly correct the discrimination. (4) The Defendants' removal of the Plaintiff was due to her National Origin and ethnicity, dark skinned Mexican American.

### Count Three—Harassment
### In violation of *Title VII*, as Amended

24.     The Plaintiff alleges that she was harassed and removed from her employment with IDEA due to her ethnicity (Hispanic – Mexican American) in violation of the *Title VII*, codified at *Title 42 U.S.C. § 2000e-2(a)(1)*, the Plaintiff is: (1) a member of a protected class; (2) was qualified for the position she held; (3) was summarily removed from her position as the Principal of the IDEA College Preparatory School in Weslaco, Texas; (4) was replaced by someone outside of his protected class; and (5) the Plaintiff made the Defendants aware of their harassment in question and they failed to take prompt remedial action.

### Count Four—Defendants Violation of *Title VI*

25.     The IDEA school systems is a non-profit entity serving a public interest of educating elementary and high school students in the State of Texas. IDEA receives both federal and state funds in support of its school system. The Plaintiff alleges that the Defendants violated *Title VI*, when they engaged in discriminatory practices when they summarily removed the Plaintiff as a Principal of an IDEA school. The Plaintiff further alleges that: (1) she is a member of the protected class for which *Title VI* was enacted; (2) she applied for and was hired by the IDEA school system as a Principal; (3) she was qualified for the Principal's position; (4) she suffered an adverse employment action when she was summarily removed as a Principal of an IDEA

8

school; and (5) the Plaintiff was removed as the Principal of an IDEA school due to her age and ethnicity and IDEA hired a younger female Principal to replace the Plaintiff.

## Count Five—Defendants Violation of *Title IX*

26.     The IDEA school systems is a non-profit entity serving a public interest – the education of elementary and high school students in the State of Texas. IDEA receives both federal and state funds in support of its school system. The Plaintiff alleges that the Defendants violated *Title IX*, when they engaged in discriminatory practices when they summarily removed the Plaintiff as a Principal of an IDEA school: (1) that the Plaintiff is a member of a protected class of which *Title IX* was enacted to protect; (2) that the Plaintiff applied for, and was eligible for, as the Principal of an IDEA school which receives federal financial assistance and IDEA was accepting applicants for the Principal's position for which she was hired, (3) that despite the Plaintiff's eligibility, she was summarily removed as Principal of an IDEA school; and, (4) that IDEA hired a younger applicant with less qualifications in time, grade and experience than the Plaintiff.

## Count Six—Whistle Blower
### In violation of IDEA's Student's Dress Code and Threats by Parents

27.     The Plaintiff alleges that she was removed from her employment with IDEA due to her reporting students who failed to comply with IDEA's Student's Dress Code and the student's parents who threaten to assault the Plaintiff and damage her personal property. In September 2015, while the Plaintiff was working for IDEA she was threatened by some parents of some of students who refused to wear the mandatory uniform of the IDEA school system. As a whistle blower, the Plaintiff reported the parents who threaten to assault her and damage some of Plaintiff's personal property to her chain of command. However, no one in Plaintiff's chain of command was able to resolve the students' "out of uniform" issues or the personal threats

Plaintiff received from some parents. Instead of addressing the unruly parents and students, the Defendants removed the Plaintiff as the Principal.

## VII. *Demand for Jury Trial*

28.     Paragraphs 1 through 27 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

29.     The Plaintiff respectfully request a jury trial.

## VIII. *Remedies*

30.     Paragraphs 1 through 29 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

    a.     Three hundred thousand dollars ($300,000.00) in compensatory damages;

    b.     any and all equitable relief including back pay, front pay and any other actual loss

of income;

    c.     punitive damages;

    d.     attorney's fees; and,

    e.     any and all remedies at law and in equity found to be just and owing.

Respectfully submitted,

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney for
Plaintiff Diana Wagner
Local Address: 1911 Guadalupe
San Antonio, Texas 78207
Telephone No. (210) 231-0112
Facsimile No. (210) 212-7215
Email Address: tases@msn.com

10